FILED
MAY 17 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case 1:05-cv-02933 Document 1 Filed 05/17/05 Page 1 of 11

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLE K. NILSSEN and GEO FOUNDATION, LTD., | ) ) ) |
| Petitioners, | ) Case No. 05C 2933 ) |
| v. | ) JUDGE FILIP ) |
| MAGNETEK, INC., | ) MAGISTRATE JUDGE DENLOW ) |
| Respondent. | ) |

## PETITION FOR CONFIRMATION OF ARBITRATION AWARD

Petitioners Ole K. Nilssen and Geo Foundation, Ltd. ("Petitioners") respectfully petition this Court pursuant to Sections 6 and 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 6, 9, for the entry of an order confirming an arbitration award (the "Award") entered in their favor on April 29, 2005. In support of this petition, Petitioners state as follows:

### PARTIES

1. Petitioner Ole K. Nilssen ("Nilssen") maintains residences in Florida and Illinois and conducts all of his business in Algonquin, Illinois.

2. Petitioner Geo Foundation, Ltd. is a not-for-profit corporation incorporated in the Cayman Islands, British West Indies.

3. Defendant MagneTek, Inc. ("MagneTek") is a Delaware corporation with its principal place of business in Los Angeles, California.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

CHICAGO_1247825_2

5. Venue in this district is proper is proper pursuant to 9 U.S.C. § 9, because the Award was made in Chicago, Illinois, which is within this judicial district.

## BACKGROUND

6. On April 13, 1998, Petitioner Ole K. Nilssen filed a patent infringement action against MagneTek in the United States District Court for the Northern District of Illinois, *Ole K. Nilssen v. MagneTek, Inc.*, No. 98 C 2229.

7. That action was dismissed on April 16, 2003, pursuant to an agreement by the parties to arbitrate the dispute. (Declaration of John E. Titus ("Titus Declaration") ¶ 5, attached hereto as Exhibit A.) The case was pending before the Honorable Judge John W. Darrah at the time of dismissal. (*Id.*).

8. A copy of the parties' agreement to arbitrate is attached as Exhibit 1 to the Titus Declaration and has been filed separately under seal.

9. Following the dismissal, the parties engaged in an arbitration administered by the American Arbitration Association ("AAA"). (Titus Declaration ¶ 5.) The arbitrator, Reginald A. Holmes (the "Arbitrator"), conducted a hearing in November 2004 and issued the Award on April 29, 2005. (*Id.* ¶¶ 5-6.) The Arbitrator's award was in favor of Petitioners and against MagneTek in the amount of $23,352,439.63. (*Id.* ¶ 6.) A copy of the Award is attached as Exhibit 2 to the Titus Declaration. Prior to the hearing, MagneTek paid petitioner Geo Foundation, Ltd. $1,375,000 pursuant to the arbitration agreement. (*Id.* ¶ 5).

## ARGUMENT

10. Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, provides for judicial confirmation of arbitral awards:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . then at any time within one year after the award is

made any party to the arbitration may apply . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

11. The scope of judicial action upon an arbitrator's award is "extremely limited." *Yasuda Fire & Marine Ins. Co. v. Continental Cas. Co.*, 37 F.3d 345, 349 (7th Cir. 1994). The FAA requires that an arbitration award be upheld unless (a) it was "procured by corruption, fraud, or undue means"; (b) there was "evident partiality or corruption in the arbitrators"; (c) the arbitrators were "guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced"; or (d) the arbitrators "exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a).

12. The Award presented here meets the criteria for confirmation under 9 U.S.C. § 9. The parties agreed to arbitration before the AAA, and the AAA's rules provide that "[p]arties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal . . . court having jurisdiction thereof." AAA Commercial Arb. R. 50(c). It is less than one year since the Arbitrator issued the Award.

13. The Arbitrator, having considered the pleadings and other evidence presented at the hearing, determined that MagneTek was liable to Petitioners for $23,352,439.63. There are no grounds for vacating, modifying, or correcting the Award, as enumerated in 9 U.S.C. §§ 10-11, which exist. The parties had extensive opportunity to develop and present evidence to the Arbitrator. The Award was not obtained as a result of corruption, fraud, or undue

CHICAGO_1247825_2

means, nor did the Arbitrator commit any misconduct. MagneTek has not made any motion to vacate, modify or correct the award.

14. Accordingly, the Award should be confirmed. 9 U.S.C. § 9.

WHEREFORE, Petitioners request that this Court enter an Order:

(a) confirming the Award and entering judgment in the amount of $23,352,439.63 in favor of Petitioners Ole K. Nilssen and Geo Foundation, Ltd and against Respondent Magnetek, Inc; and

(b) awarding such other and further relief as this Court deems equitable and just.

Respectfully submitted,

OLE K. NILSSEN AND GEO FOUNDATION, LTD.

By: _____
One of Their Attorneys

Lawrence S. Schaner (ARDC No. 6197446)
John E. Titus (ARDC No. 6226246)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: 312 222-9350
Facsimile: 312 527-0484

Dated: May 17, 2005

-4-

CHICAGO_1247825_2

# Exhibit A

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLE K. NILSSEN and GEO FOUNDATION, LTD., </br></br>Petitioners,</br></br>v.</br></br>MAGNETEK, INC.,</br></br>Respondent. | )</br>)</br>)</br>)   Case No. _____</br>)</br>)</br>)</br>)</br>)</br>) |

## DECLARATION OF JOHN E. TITUS

JOHN E. TITUS hereby declares and states as follows:

1.    I am a partner with the law firm of Jenner & Block LLP. I represent Petitioners Ole K. Nilssen and Geo Foundation, Ltd. in this matter.

2.    I have personal knowledge of the facts discussed herein and, if called to testify I would and could competently testify to those facts.

3.    The dispute between the Petitioners and the Respondent was brought in the Northern District of Illinois in 1998, in a case styled *Ole K. Nilssen v. MagneTek, Inc.*, No. 98 C 2229.

4.    While the case was pending, the parties agreed to arbitrate the dispute according to the rules of the American Arbitration Association ("AAA"). A true and correct copy of the parties' agreement is attached hereto as Exhibit 1, and has been filed under seal.

5.    Pursuant to the parties' agreement, the lawsuit was dismissed on April 16, 2003. At the time of dismissal, the case was pending before the Honorable John W. Darrah. An arbitration hearing was held before the arbitrator, Reginald A. Holmes, in November 2004. The

-2-

hearing took place in Chicago, Illinois. Prior to the hearing, MagneTek paid petitioner Geo Foundation, Ltd. $1,375,000 pursuant to the arbitration agreement.

6. On April 29, 2005, the arbitrator issued an award in favor of Petitioners, our clients, and against Respondent, in the amount of $23,352,439.63. The award was issued in Chicago, Illinois. A true and correct copy of that award is attached hereto as Exhibit 2.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 17th of May, in Chicago, Illinois.

_____
John E. Titus

# Exhibit 1
# To Declaration of John E. Titus
# filed Under Seal

# Exhibit 2

# AMERICAN ARBITRATION ASSOCIATION
## COMMERCIAL ARBITRATION TRIBUNAL

In the Matter of the Arbitration between:

**OLE K. NILSSEN; GEO FOUNDATION, LTD.**, hereinafter referred to as "CLAIMANT"

-And-

**MAGNETEK, INC.**, hereinafter referred to as "RESPONDENT"

CASE MANAGER: MS. CINDY RUMNEY
CASE NUMBER: 51 133 Y 01452 04

## AWARD OF ARBITRATOR

**I, THE UNDERSIGNED ARBITRATOR**, having been designated in accordance with the arbitration agreement entered into by the above-named Parties and dated April 22, 2003, having been duly sworn and having duly heard and carefully considered, reviewed and weighed the claims and counter claims, patents, allegations, testimony, experts, arguments, and proofs of the parties through their briefs and multiple days of hearings all in accordance with the agreement of the parties and the Commercial Arbitration Rules of the American Arbitration Association, hereby **AWARD** as follows:

1. RESPONDENT shall pay CLAIMANT damages in the total sum of **TWENTY-THREE MILLION THREE HUNDRED FIFTY-TWO THOUSAND FOUR HUNDRED THIRTY-NINE DOLLARS AND SIXTY-THREE CENTS ($23,352,439.63)**.

2. The above enumerated sum includes prejudgment interest to be paid by the respondent to the claimant

3. Each party shall bear its own costs.

4. The fees and expenses of the **AMERICAN ARBITRATION ASSOCIATION** shall be borne by the parties equally.

Ole K. Nilssen; Geo Foundation, Ltd. And Magnetek, Inc. arbitration AWARD
51 133 Y01452 04
Reginald A. Holmes, Arbitrator

5. The compensation and expenses of the ARBITRATOR shall be borne by the parties equally.

This **AWARD** is in **FULL SETTLEMENT** of all claims submitted to this arbitration.

SO AWARDED:

ARBITRATOR: _____ DATE: 4/29/05
REGINALD A. HOLMES