IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OLE K. NILSSEN and GEO FOUNDATION, LTD., | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Case No. 05 C 2933 |
| MAGNETEK, INC., | ) ) | Hon. Mark R. Filip |
| Respondent | ) | |

**FILED**
**MAY 2 3 2005**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## ANSWER TO PETITION FOR CONFIRMATION OF ARBITRATION AWARD AND COUNTERPETITION TO VACATE AWARD

Respondent, MagneTek, Inc., hereby responds to the Petition for Confirmation of Arbitration Award on file in the above-captioned action and admits, denies and alleges as follows:

### PARTIES

1. Answering paragraph 1, Respondent alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and, on that ground, denies generally and specifically each and every allegation contained in said paragraph.

2. Answering paragraph 2, Respondent alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and, on that ground, denies generally and specifically each and every allegation contained in said paragraph.

3. Answering paragraph 3, Respondent admits same.

## JURISDICTION AND VENUE

4. Answering paragraph 4, Respondent denies that this Court has subject matter jurisdiction over this matter because the agreement for arbitration did not include an agreement that a judgment of any court shall be entered upon the Award, nor did the parties agree to abide by any rules or laws which would have required entry of a confirmation Judgment.

5. Answering paragraph 5, Respondent admits that the Award was made in Chicago, Illinois, but denies there is venue since this Court does not have subject matter jurisdiction pursuant to 9 U.S.C. § 9.

## BACKGROUND

6. Answering paragraph 6, Respondent admits same.

7. Answering paragraph 7, Respondent admits same, except Respondent is unaware of the contents of Exhibit A to the Declaration of John E. Titus, since Exhibit A was filed under seal and was never served on this Respondent.

8. Answering paragraph 8, Respondent alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and, on that ground, denies generally and specifically each and every allegation contained in said paragraph.

9. Answering paragraph 9, Respondent admits same.

## ARGUMENT

10. Answering paragraph 10, Respondent alleges that 9 U.S.C. § 9 speaks for itself, and that in this case the parties have not agreed to a judgment of any court being entered pursuant to the Award, nor have they agreed to any governing statute or rules which would require entry of a judgment to confirm the arbitration Award.

11. Answering paragraph 11, Respondent alleges that the question of the scope of judicial action upon an arbitrator's Award is a question of law which will be briefed by the parties in connection with any hearing conducted on the pending Petition. Respondent further alleges, on the basis of information and belief, that the arbitration Award which is the subject matter of this litigation was procured by corruption, fraud, or undue means; there was evident partiality on the part of the Arbitrator; the Arbitrator refused to hear pertinent evidence; and otherwise exceeded his authority.

12. Answering paragraph 12, Respondent admits that its Confidential Settlement Agreement contemplated that the American Arbitration Association was agreed upon as a potential source of arbitrators if the parties were unable to agree on an arbitrator; however, the parties never agreed to abide by the rules of the American Arbitration Association , nor did they agree that any court could enter a judgment confirming the arbitration Award.

13. Answering paragraph 13, Respondent admits that the Arbitrator determined that it was liable to Petitioner for $23,352,439.63; denies generally and specifically each and every remaining allegation contained in said paragraph.

## **COUNTERPETITION**

14. Notwithstanding this Respondent's assertion that this Court does not have subject matter jurisdiction over the above-captioned Petition for Confirmation of Arbitration Award, should this Court assume jurisdiction over the matter, Respondent hereby moves the above-entitled Court for an Order vacating the Arbitration Award pursuant to 9 U.S.C. § 10 on the grounds that the Award was procured by corruption, fraud, or undue means; there was evident partiality on the part of the Arbitrator; the Arbitrator refused to hear evidence pertinent and material to the controversy; and exceeded his powers pursuant to the terms of the Confidential Settlement Agreement.

WHEREFORE, Respondent prays for entry of the following Order;

1. that the Petition be dismissed for lack of subject matter jurisdiction;

2. establishing a briefing schedule for a hearing as contemplated by 9 U.S.C. §§ 6 and 12;

3. vacating the Award of the Arbitrator on the grounds set forth above; and

4. awarding such other and further relief as this Court deems equitable and just.

Respectfully submitted,

MagneTek, Inc.

By: *[signature]*
One of Its Attorneys

John M. Touhy
MAYER, BROWN, ROWE & MAW
190 South LaSalle Street
Chicago, Illinois 60603
(312) 782-0600

OF COUNSEL:

Martin C. Washton (SBC 054762)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Dated: May 23, 2005

## **CERTIFICATE OF SERVICE**

John M. Touhy, an attorney, certifies that he served a copy of the foregoing Answer to Petition for Confirmation of Arbitration Award and Counterpetition to Vacate Award upon the following:

> Lawrence S. Schaner
> John E. Titus
> JENNER & BLOCK LLP
> One IBM Plaza
> Chicago, Illinois 60611

by having the same delivered by messenger this 23rd day of May, 2005.

_____
John M. Touhy