IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY 27 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| OLE K. NILSSEN and GEO FOUNDATION, LTD., ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> MAGNETEK, INC., ) <br> Respondent ) | Case No. 05 C 2933 <br><br> Hon. Mark R. Filip |

## PRELIMINARY MEMORANDUM OF RESPONDENT MAGNETEK, INC. IN OPPOSITION TO PETITION FOR CONFIRMATION OF ARBITRATION AWARD

Respondent, MagneTek, Inc. ("MagneTek") hereby submits its preliminary legal memorandum in opposition to the petition for confirmation of arbitration award in the above-captioned litigation. If this Court schedules briefing on the pending cross-petitions, Respondent MagneTek will fully develop these substantive defenses to the enforcement of the existing award.

### ARGUMENT

I. **SECTION 9 OF THE FEDERAL ARBITRATION ACT PROVIDES SUBJECT MATTER JURISDICTION FOR THE FEDERAL COURTS TO CONFIRM ARBITRATION AWARDS ONLY WHERE THE PARTIES HAVE SPECIFICALLY AGREED THAT A JUDGMENT MAY BE ENTERED UPON THE AWARD OR WHERE THEY HAVE ADOPTED LAWS OR RULES WHICH SPECIFICALLY PROVIDE FOR JUDICIAL CONFIRMATION.**

Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9 provides in relevant part:

> "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is

>vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United State court in and for the district within which such award was made."

Many federal courts following the strict jurisdictional language of Section 9 of the FAA have refused to confirm arbitration awards where the arbitration agreements in question did not specifically agree to confer jurisdiction on the courts to confirm the award. See, e.g., Amalgamated Transit Union v. Kansas City Area Transportation Authority, 485 F.Supp. 856, 859 (W.D. MO. 1980); Higgins v. United States Postal Service, 655 F.Supp. 739, 741 (D.Maine 1987); The Home Insurance Company v. RHA/Pennsylvania Nursing Homes, Inc., 113 F.Supp.2d 633, 634 (S.D.N.Y. 2000).

A number of federal courts have adopted a more liberal interpretation of Section 9 of the FAA and have found that they have jurisdiction whenever the parties incorporate rules into their agreement, such as the rules of the American Arbitration Association, which provide for judicial enforcement of arbitration awards. See, Paley Associates, Inc. v. Universal Woolens, Inc., 446 F.Supp. 212, 214 (S.D.N.Y. 1978) (District court did not lack jurisdiction to confirm and enter judgment on arbitration award where parties agreed that the arbitration was to be governed by the rules of the American Arbitration Association which included a consent to jurisdiction of the federal courts); Ripley Fabrics Corporation v. Hymen, 91 F.Supp. 1007 (N.D. ILL 1950); Varley v. Tarrytown Associates, Inc., 477 F.2d 208 (2d Cir. 1973) (Court finds jurisdiction where the parties incorporated American Arbitration Association rule requiring judicial review).

The Court of Appeals for the Seventh Circuit has held in the Milwaukee Typographical Union No. 23 v. Newspapers, Inc., 639 F.2d 386; (7th Cir. 1981), that the agreement contemplated by Section 9 of the FAA does not have to be explicit – it can either adopt rules

requiring judicial confirmation or explicitly agree that the arbitration award shall be "final and binding upon both parties." 639 F.2d at 389.

In the present case there is no specific agreement that any court shall have jurisdiction to enter a judgment confirming the award, nor is there an incorporation of any rules conferring such jurisdiction. In fact, there is not even language in the agreement that the arbitration award is intended to be "final". Accordingly, it is respectfully submitted that this Court does not have subject matter jurisdiction to entertain the pending petition for confirmation.

II. **PETITIONERS ARE NOT ENTITLED TO CONFIRMATION OF THEIR ARBITRATION AWARD SINCE THEY HAVE NOT ALLEGED AND DEMONSTRATED COMPLIANCE WITH SECTION 294 OF THE PATENT ACT.**

Section 294 of the Patent Act provides that parties may arbitrate a contract involving a patent right. 35 U.S.C. § 294(a). Section 294(b) provides that arbitration of such disputes shall be governed by Title 9, United States Code – The Federal Arbitration Act – to the extent that the FAA is not inconsistent with this law.

Section 294(d) of the Patent Act provides that when an award is made by an arbitrator, the patentee, his assignee or licensee is required to give notice in writing to the Director of the Patent and Trademark Office. More importantly, under Subsection (e) the award is unenforceable until the notice required by the Act is received by the Director. Petitioners here have not made any showing that they have complied with Section 294, nor has counsel for Respondent received service of such a notice.

III. **RESPONDENT CAN ESTABLISH GOOD LEGAL CAUSE TO VACATE THE ARBITRATION AWARD WHICH IS THE SUBJECT MATTER OF THIS PROCEEDING.**

Although Respondent has not had adequate time to fully brief the legal deficiencies underlying the award entered in favor of Petitioner Nilssen, Section 10 of the FAA (9 U.S.C.

3

§ 10) provides that it is appropriate to vacate an arbitration award upon a showing that the award was procured by fraud, where there was evident partiality on the part of the arbitrators, etc. The Declaration of Mark J. Patterson attached hereto demonstrates that Petitioner Nilssen has engaged in a pattern of conscious nondisclosure of prior art sufficient to constitute a fraud on the Patent Office, this Court and the arbitrator in this case. If this Court schedules briefing on the pending cross-petitions, Respondent MagneTek will fully develop these substantive defenses to the enforcement of the existing award.

## CONCLUSION

For all of the reasons stated above, Respondent MagneTek respectfully submits that this Court does not have subject matter jurisdiction to confirm the subject arbitration award and the award is subject to being vacated in accordance with the requirements of the Federal Arbitration Act.

Respectfully Submitted,

MagneTek, Inc.

By: _____
One of Its Attorneys

John M. Touhy
Jeffrey W. Sarles
MAYER, BROWN, ROWE & MAW, LLP
190 South La Salle Street
Chicago, Illinois 60603-3441
Telephone: (312) 782-0600
Facsimile: (312) 706-8690

Martin C. Washton (SBN 054762)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Dated: May 27, 2005