IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 21 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| OLE K. NILSSEN and GEO FOUNDATION, LTD., | )<br>)<br>) |
| Petitioners, | )<br>) Case No. 05 C 2933 |
| v. | )<br>) Honorable Mark R. Filip |
| MAGNETEK, INC., | )<br>) |
| Respondent. | ) |

## STATEMENT OF MATERIAL FACTS

Petitioners Ole K. Nilssen and Geo Foundation, Ltd. (collectively "Nilssen") hereby submit this statement of material facts as to which Nilssen contends there is no genuine issue and which entitle Nilssen to judgment as a matter of law, pursuant to Local Rule 56.1(a).[1]

## PARTIES

1.  Ole K. Nilssen is an innovator and inventor of many commercially available technologies. His inventions include electronic ballasts for powering fluorescent lamps, self-ballasted screw-in compact fluorescent lamps, track lighting systems for incandescent and other types of lamps, a wide variety of other specialty lighting products, and electronic devices for wall switches and plugs. (Declaration of John E. Titus ("Titus Decl."), ¶ 3, Exh. A.)[2]

2.  Geo Foundation, Ltd. ("Geo") is a not-for-profit corporation incorporated in the Cayman Islands, West Indies. Ole Nilssen founded Geo to help manage and maintain his

---

[1] Because Nilssen has submitted a petition to confirm an arbitration award pursuant to 9 U.S.C. § 9, and not a Fed. R. Civ. P. 56 motion for summary judgment, petitioners do not believe that they are obligated by the rules of this Court to submit a statement of material facts pursuant to Local Rule 56.1(a). However, petitioners submit this statement in order to ensure their compliance with the standing orders of this Court.

[2] The exhibits hereto are attached to Nilssen's Memorandum in Support of Petition to Confirm Arbitration Award, submitted concurrently with this statement.

extensive patent portfolio. Geo is an exclusive licensee of Ole Nilssen's patents. (Titus Decl. ¶ 4.)

3. Magnetek, Inc. ("Magnetek") is a New York Stock Exchange listed company headquartered in Los Angeles. The company manufactures digital power electronic power supplies, converters, inverters, rectifiers, regulators and controls. It also builds programmable power control systems and is a provider of power conditioners for fuel cell and other alternative energy sources. The company has manufacturing facilities in North America, Europe and Asia, and it has annual revenues in excess of $200 million. (Magnetek, Inc., "Company Information," Exh. B.)

## VENUE

4. The arbitration award in favor of Nilssen and against Magnetek (the "Award") was issued in Chicago, Illinois, within this judicial district. (Award, dated April 29, 2005, Exh. J.)

## MATERIAL FACTS

5. On April 13, 1998, Nilssen filed an action for patent infringement relating to U.S. Patent No. 5,432,409 ("the '409 patent") against Magnetek in the United States District Court for the Northern District of Illinois. Ole K. Nilssen v. Magnetek, Inc., No. 98 C 2229 (the "Nilssen Action").

6. On February 6, 2002, the court granted partial summary judgment in favor of Nilssen and against Magnetek on the issue of infringement of the '409 patent.

7. Nilssen and Magnetek subsequently entered into a Confidential Settlement Agreement (the "Settlement Agreement"), pursuant to which the parties agreed to dismiss with

prejudice all claims asserted against one another in the Nilssen Action. (Settlement Agreement ¶ 1, Exh. C.)

8. The parties further agreed that, "[i]n lieu of trial in the Nilssen action," the parties would "conduct a binding arbitration" before a sole arbitrator with expertise in patent law. (Id. ¶¶ 5, 9.)

9. The parties jointly moved to dismiss with prejudice all claims pending in the Nilssen Action. In their agreed motion, the parties stated that they "have agreed to settle their disputes by means of a binding arbitration to address any unresolved issues in this case. In no event will a trial by the Court be necessary in this case." (Agreed Mot. for Entry of Dismissal, dated April 16, 2003, Exh. D.)

10. The American Arbitration Association (the "AAA") informed the parties that its "Large Complex Case procedures will apply," and referred the parties to its website "for a copy of our Commercial Arbitration and Mediation Procedures, as amended and in effect July 1, 2003 . . . ." (Letter from AAA to Nilssen and Magnetek, dated August 18, 2004, Exh. F.)

11. Following a hearing on October 21, 2004, Reginald A. Holmes (the "Arbitrator") issued a report which recited that the hearing had been held "[p]ursuant to the Rules of the American Arbitration Association . . . ." (Report of Preliminary Hearing and Scheduling Order, dated October 22, 2004, Exh. H.)

12. The parties submitted comprehensive pre-hearing briefs. (Titus Decl. ¶ 7.)

13. The arbitration hearing lasted 5 days, from November 8-12, 2004. (Titus Decl. ¶ 7.)

14. The arbitration hearing was held in the offices of the AAA in Chicago. (Titus Decl. ¶ 7.)

15. At the hearing, the Arbitrator received over one hundred exhibits in evidence and received the testimony of ten witnesses. (Titus Decl. ¶ 7.)

16. On November 17, 2004, the Arbitrator issued a report, which stated that the hearing was held "[p]ursuant to the Rules of the American Arbitration Association . . . ." (Report of Post Live Hearing Conference and Scheduling Order, dated November 17, 2004, Exh. I.)

17. The parties each submitted preliminary and responsive briefs following the hearing. (Titus Decl. ¶ 8.)

18. The Arbitrator heard closing arguments on March 15, 2005. (Titus Decl. ¶ 8.)

19. On April 29, 2005, the arbitrator signed the Award which was transmitted to the parties by the AAA on May 3, 2005. (Exh. J.)

20. The Award was in favor of Nilssen, and it directed Magnetek to pay Nilssen damages in the amount of $23,352,439.63. (Id.)

21. The Award stated that it is in "full settlement of all claims submitted to this arbitration." (Id.)

22. The Award stated that it was issued in accordance with the agreement of the parties and "the Commercial Arbitration Rules of the American Arbitration Association." (Id.)

23. On May 4, 2005, Magnetek issued a press release in which it publicly announced that it had lost the arbitration and that the Arbitrator's decision was "final, binding and not subject to appeal" (Magnetek Press Release, dated May 4, 2005, Exh. K.)

24. The press release was filed with the United States Securities and Exchange Commission ("SEC") as an exhibit to Form 8-K. (Magnetek Form 8-K, dated May 4, 2005, Exh. L.)

25. On May 12, 2005, Magnetek made a Form 10-Q filing with the SEC in which it repeatedly referred to the arbitration as "final and binding." (Magnetek Form 10-Q, dated May 12, 2005, Exh. M, at 11, 16, 25.)

26. Magnetek did not make full payment within ten days of the Award. (Titus Decl. ¶ 10.)

27. One June 16, 2005, Nilssen gave notice of the Award to the Director of the United States Patent and Trademark Office. (Exh. N.)

                                  Respectfully submitted,

                                  OLE K. NILSSEN AND GEO FOUNDATION, LTD.

                                By: _____
                                                  One of Their Attorneys

Lawrence S. Schaner (ARDC No. 6197446)
John E. Titus (ARDC No. 6226246)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

Dated: June 21, 2005

CHICAGO_1273905_1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing STATEMENT OF MATERIAL FACTS was served upon the following:

John M. Touhy
MAYER, BROWN, ROWE & MAW
190 South LaSalle Street
Chicago, Illinois 60603

Martin C. Washton
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197

by having the same sent via United States mail, postage prepaid, this 21st day of June, 2005.

John E. Titus