IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLE K. NILSSEN and GEO FOUNDATION, LTD., | ) ) ) |
| Petitioners, | ) ) |
| v. | ) Case No. 05 C 2933 ) |
| MAGNETEK, INC. | ) Hon. Mark R. Filip ) |
| Respondent | ) ) ) |

## MEMORANDUM OF MAGNETEK, INC. IN OPPOSITION TO PETITION FOR CONFIRMATION OF ARBITRATION AWARD

### I. PRELIMINARY STATEMENT

The Memorandum of Ole K. Nilssen in Support of Petition for Confirmation of Arbitration Award deals almost exclusively with the question of whether this Court has subject matter jurisdiction to enforce the arbitration award pursuant to Section 9 of the Federal Arbitration Act (9 U.S.C. § 9). While Respondent MagneTek contends that the explicit written agreement to arbitrate and subsequent conduct of the parties is insufficient to confer jurisdiction on this Court to confirm the award, the most significant issue raised in opposition to confirmation is set forth in MagneTek's cross-petition to vacate the arbitration award on the grounds of intrinsic and extrinsic fraud. The declarations and patent office materials submitted in connection with its cross-petition provides clear and convincing evidence that Petitioner Nilssen concealed from the Patent Office, this Court and the arbitrator, facts disclosing that someone else invented the device which is the subject of his patent and he engaged in a consistent practice of concealing prior art on this and related electronic ballast patents in his

dealings with the Patent Office. This conscious flouting by Petitioner of the duty of candor in dealing with the Patent Office overrides any countervailing public policy in favor of the finality of arbitrations.

Contrary to the cases cited in Nilssen's Memorandum, the Arbitration Agreement between the parties in this case did not provide that the decision of the arbitrator was to be "final and binding". Nor did the Agreement adopt the rules of the American Arbitration Association which specifically agreed that any court would have jurisdiction to enter a judgment on the award.

## II.  THE PARTIES POST CONFLICT CONDUCT CANNOT CONFER JURISDICTION ON THIS COURT.

Nilssen contends that this Court may confirm the arbitration award based upon the conduct of the parties after the conflict arose and the parties began arbitrating the dispute (Nilssen Memorandum at page 7). Nilssen relies upon two specific public statements made by MagneTek acknowledging the award as if they were admissions against interest. The public statements relied upon by Nilssen at page 5 of his Memorandum are MagneTek's press release announcing the arbitration award in connection with a disclosure on Securities and Exchange Commission's Form 8K and a description of the award in its Form 10Q filing with the SEC. When important events occur of which investors should be apprised, a publicly held company that files under Section 13 of the 1934 Securities Exchange Act is obliged to make a disclosure by filing a Form 8K. 15 U.S.C. § 78m; 17 C.F.R. § 240.13a-11. In addition, pursuant to its authority under Section 10(b) of the 1934 Securities and Exchange Act, 15 U.S.C. § 78(j), the Securities and Exchange Commission promulgated Rule 10b-5 which makes it unlawful for any person to make any untrue statements of material fact or to omit to state a material fact necessary to a fair understanding of published information in connection with the purchase or sale or any

2

security. A fact is considered to be material if there is to be a substantial likelihood that its disclosure would have been considered significant by a reasonable investor. *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976); *Basic v. Levinson*, 485 U.S. 224, 249 (1988). Here, MagneTek faced with a materially adverse development, chose to meet its obligations under the federal securities laws and regulations by voluntarily disclosing in a Form 8K filing the adverse ruling of the arbitrator in the patent action against Nilssen. Understanding that the ruling would significantly alter the total mix of information available to its shareholders and potential investors, MagneTek chose to communicate this information in the most conservative and responsible light. The disclosure was not intended to be an admission against interest or a consent to jurisdiction and was nothing more than a conscientious disclosure of material financial information. MagneTek did not seek to "soften" the news by discussing its legal rights to challenge the award, nor was counsel engaged in seeking to vacate the award at the time of the press release.

Nilssen cites *Daihatsu Motor Co., Ltd. v. Terrain Vehicles, Inc.*, 13 F.3d. 196, 202-203 (7th Cir. 1993), for the proposition that the Court may look to the parties' post-arbitration agreement conduct to determine whether they contemplated judicial confirmation of the arbitration award. (Nilssen's Memorandum at page 7). However, the facts before the Court in *Daihatsu* were materially distinguishable from those presented here. In *Daihatsu*, the District Court held that both parties consented to judicial confirmation of the award and confirmed the arbitration award because the parties agreed that the dispute was to be "finally settled" by arbitration. *Id.* at 196. Here the parties agreed to binding, but not "final" arbitration. In affirming the District Court's ruling, the 7th Circuit in *Daihatsu* noted that in addition to the finality language, it could rely upon the surrounding circumstances evidencing the parties intent

3

to submit the arbitration award for confirmation in a federal court. However, it should be noted that in *Daihatsu*, the District Court compelled the arbitration, retaining jurisdiction over the dispute with the power to confirm the award. No such initial court intervention occurred in this case and there is no similar acquiescence to a court's order compelling arbitration. In the present case, MagneTek did not move to vacate the award until Nilssen moved to confirm the arbitration award in this Court. MagneTek did not initiate any proceeding in federal court which could be interpreted as a consent to subject matter jurisdiction. Furthermore, MagneTek never agreed to adopt the rules of the AAA or any other arbitral forum whose rules expressly provide for judicial confirmation. The Settlement Agreement here merely indicated that in the absence of the parties reaching an agreement as to an appropriate arbitrator, a list of potential arbitrators would be sought from AAA.

Nilssen also contends (at page 9 of his Memorandum) that MagneTek consented to the jurisdiction of this Court to confirm this award because of its agreement to adopt the rules of the AAA. However, the Settlement Agreement makes it clear that the AAA was merely identified as a source of potential arbitrators and there was no specific agreement to follow AAA commercial rules.

Since neither the written agreement to arbitrate, nor the conduct of the parties manifests an agreement to have any arbitration award confirmed as a judgment, this Court has no jurisdiction pursuant to 9 U.S.C. § 9.

### III. MAGNETEK HAD NO ABILITY OR LEGAL AUTHORITY TO RAISE NILSSEN'S SUBSEQUENTLY DISCOVERED FRAUD WITH THE ARBITRATOR.

Nilssen asserts at page 6 in his Memorandum that MagneTek should have raised the newly discovered acts of intrinsic and extrinsic fraud with the arbitrator before his decision was

finalized. Although the arbitration was conducted in November of 2004, the decision did not issue until April 29, 2005. However, MagneTek was not aware of the totality of Nilssen's conduct until the past several weeks. As the second Declaration of Mark J. Patterson dated June 20, 2005 indicates at paragraphs 7-9, Nilssen's persistent non-disclosure and efforts to hide the ball made discovery of his misconduct before the Patent Office extremely difficult to unravel. Except for the prior art which related directly to the 409 Patent which was the focus of the arbitration, the prior art and chronic non-disclosure was not discovered until recently and is still being investigated. Furthermore, the scope of the arbitration set forth in the Settlement Agreement would not have permitted MagneTek to raise these new issues with the arbitrator. Section 5(c) of the Settlement Agreement provides that the evidence at the arbitration will be limited to the facts previously disclosed in the Nilssen litigation. Needless to say, Nilssen's fraudulent conduct was never disclosed in the litigation before this Court, nor would a Settlement Agreement have even been entered had MagneTek been aware of the persuasive fraud committed by Nilssen on the Patent Office and the Court. The language of the Settlement Agreement specifically precludes raising these new issues of fact within the context of the arbitration. Absent some ambiguity in the Agreement, it is the language of the contract that defines the scope of the disputed subject arbitration. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002).

Since MagneTek did not have all of the new information during the arbitration and use of it was precluded by the Settlement Agreement, it would have been a wasted effort to re-open the arbitration.

5

## IV. NILSSEN'S ALTERNATIVE ATTEMPT TO TREAT HIS PETITION AS A SUMMARY JUDGMENT MOTION IS TO NO AVAIL.

At page 2, footnote 1 of his Memorandum, Nilssen contends that he has filed a Statement of Material Facts should this Court determine to treat his Petition as a motion for summary judgment. However, as this Court well knows, summary judgment is appropriate only if the record as a whole demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Moser v. Ind. Dep't of Corr.*, 406 F.3d 895, 900 (7th Cir. 2005); *Coles v. City of Chicago*, 361 F. Supp. 2d 740, 741 (N.D. Ill. 2005). In deciding on a motion for summary judgment, the Court must view all evidence in the light most favorable to the nonmoving party. *Coles*, 361, F.Supp.2d at 741.

Here, Nilssen has not and cannot establish that there are no genuine issues of material fact as to the fraudulent nature of his pre-litigation and pre-arbitration conduct. To the contrary, MagneTek has provided the Court with material and compelling evidence of Nilssen's fraudulent conduct and untrue testimony at the arbitration.

## V. THE NILSSEN ARBITRATION AWARD MUST NOT BE CONFIRMED BECAUSE IT IS SUBJECT TO BEING VACATED.

For all of the reasons stated in MagneTek's Memorandum in Support of its Petition to Vacate the Arbitration Award, the award is subject to being vacated pursuant to the specific criteria set forth in Section 10 of the Federal Arbitration Act. More particularly, the arbitration agreement and arbitration award were procured by both intrinsic and extrinsic fraud on the part of Nilssen. He not only violated his duty of candor with the PTO, but his testimony before the arbitrator self-righteously denied any difficulties with the Patent Office.

6

In addition to the statutory grounds to vacate the award, this Court has authority to refuse to confirm or enforce an award which is in conflict with a strong public policy. *Prudential-Bache Securities, Inc. v. Tanner*, 72 F.3d 234, (1st Cir. 1995); *W.R. Grace and Co. v. Local Union 759, Int'l. Union of United Rubber, Cork, Linoleum and Plastic Workers of America*, 461 U.S. 757 (1983). Since the award in the present case was obtained by Nilssen's committing fraud on the Patent Office and the arbitrator, the public policy in favor of candor in dealing with the Patent Office prevails over any countervailing policy in favor of finality in arbitrations. On the importance of this particular public policy, see *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 816-818 (1945); ("A patent by its very nature is affected with a public interest . . . Those who have applications pending with the Patent Office or who are parties to Patent Office proceedings have an uncompromising duty to report to it all facts concerning possible fraud or inequitableness underlying the applications at issue . . . .***Only in this way can that agency act to safeguard the public in the first instance against fraudulent patent monopolies***." (emphasis added); *McNeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362, 1370 (Fed. Cir. 2003).

## VI. <u>CONCLUSION.</u>

For all of the reasons stated above and in the cross-petition to vacate, this Court does not have jurisdiction to confirm the award and MagneTek has demonstrated that the confirmation and enforcement of this award would violate important provisions of the Federal Arbitration Act and the Patent Act. Confirmation or enforcement of a patent award obtained by fraud on the Patent Office and arbitrator is also violative of important public policy. Refusing to confirm the award will not leave Nilssen without legal remedies, but will deprive him of the benefit of a fraudulently obtained Settlement Agreement and arbitration award.

Respectfully Submitted,

MagneTek, Inc.

By: _____
One of Its Attorneys

John M. Touhy
MAYER, BROWN, ROWE & MAW, LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600
Facsimile: (312) 706-8690


Martin C. Washton
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520


Dated: June 30, 2005

10876758_1.DOC

## CERTIFICATE OF SERVICE

John M. Touhy, an attorney, certifies that he served a copy of the Memorandum of MagneTek, Inc. in Opposition to Petition for Confirmation of Arbitration Award upon the following:

>Lawrence S. Schaner
>John E. Titus
>JENNER & BLOCK LLP
>One IBM Plaza
>Chicago, Illinois 60611

by having the same sent via United States Mail, postage prepaid, this 1st day of July, 2005.

_____
John M. Touhy